IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA CAMERON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1724-M |
| | § | |
| NATIONAL RESORT MANAGEMENT CORP., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER AND OPINION**

Before the Court is Defendant's Motion to Compel Arbitration and To Dismiss or Stay Proceedings. Having considered all briefing and evidentiary submissions in this matter, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion to Compel Arbitration and **DISMISSES** Plaintiff's claims with prejudice to their being reasserted except in arbitration and in actions upon the arbitration award.

Background

Plaintiff Christina Cameron was employed as an office manager for Defendant National Resort Management Corp. ("NRM"). Cameron signed employment agreements that contained clauses providing for arbitration of any employment disputes on two occasions during her employment: March 14, 1997 ("the 1997 Agreement") and March 22, 2002 ("the 2002 Agreement"). In the 2002 Agreement, Cameron agreed:

1

> That any claim, dispute or controversy of whatsoever nature arising under federal law, state law, whether statutory or common law, or in any way relating to the acts or omissions by the company or the employee with respect to employee benefits, terms of employment, pay issues, discharges, disciplinary actions, employment discrimination, tortuous [sic] conduct, ERISA or any other actions shall, unless specifically prohibited by applicable law, be settled by arbitration in accordance with the Employment Dispute Resolution rules of the American Arbitration Association with costs and expenses of arbitration borne evenly by the parties.
>
> That any money damages which may be awarded by an arbitrator from any such dispute shall be limited to an amount sufficient to compensate me for such direct injury as the arbitrator determines I have suffered and reinstatement (in event of a dispute concerning termination) is available only if money damages are insufficient as a remedy.
>
> That any judgment on any dispute rendered by the arbitrator may be entered in any court having jurisdiction thereof, and such decision shall be binding on me and the Company, our heirs, executors, administrators, successors, and/or assigns.

Employment Agreement at ¶¶D–F, App. 7.

NRM terminated Cameron's employment with the company on November 13, 2005. On September 21, 2006, Cameron filed her Original Complaint in this Court, alleging that NRM violated her rights under the Fair Labor Standards Act ("FLSA") when it terminated her employment and seeking back pay, front pay, lost benefits (past and future), liquidated damages, court costs, and attorney's fees. On December 29, 2006, NRM filed its Motion to Compel Arbitration and to Dismiss or Stay Proceedings. Cameron opposes NRM's Motion, arguing that the arbitration provision in the employment agreement is unenforceable because it limits the remedies available to Cameron and because NRM retained the right to unilaterally revise or revoke the agreement without notice.

Standard

The Federal Arbitration Act provides that pre-dispute arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  In ruling on a motion to compel arbitration, the Court engages in a two-step inquiry.  First, the Court must determine whether there is a written agreement to arbitrate, and then it must determine whether the parties' dispute falls within the scope of that agreement. *In re Hornbeck Offshore Corp.*, 981 F.2d 752, 755 (5th Cir. 1993). "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing the invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)).

Analysis

I.   Remedies

Cameron first argues that the arbitration clause in the 2002 Agreement is unenforceable because it does not offer the full panoply of remedies given by the FLSA remedy provision.  The damages portion of the arbitration agreement provides that "any money damages which may be awarded by an arbitrator from any such dispute shall be limited to an amount sufficient to compensate [Cameron] for such direct injury as the arbitrator determines [Cameron has] suffered and reinstatement (in event of a dispute concerning termination) is available only if money damages are insufficient as a remedy." Employment Agreement at ¶E, App. 7.  Cameron argues that this provision fails to provide for compensation commensurate with the remedies afforded by the FLSA.

3

In her Original Complaint, Cameron alleges a violation of 29 U.S.C. § 215(a)(3), which prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . .." The FLSA provides that an employer found to have violated this provision "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Cameron does not fully explain how the damages portion of the arbitration agreement deprives her of her statutory remedies. However, in interpreting 29 U.S.C. § 216(b) to provide for three remedies—actual economic damages, liquidated damages for willful violations, and attorney's fees—she apparently argues that the provision does not specify that liquidated damages and attorney's fees are recoverable. *See* Plaintiff's Response at 2–3.

The Court finds that the damages provision is not so limited as to prevent recovery of liquidated damages and attorney's fees. The parties agreed that any claims would be "settled by arbitration in accordance with the Employment Dispute Resolution rules of the American Arbitration Association . . .." Employment Agreement at ¶D, App. 7. Those rules provide that an "arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties . . .." American Arbitration Association ("AAA") Employment Dispute Resolution Rule 29. Neither this rule, which is incorporated into

4

the agreement,[1] nor Paragraph E of the Employment Agreement attempts to limit monetary damages in any way, and, in particular, with regard to liquidated damages or attorney's fees. In this way, the cases that Cameron cites are readily distinguishable. *See Booker v. Robert Half Int'l, Inc.*, 315 F. Supp. 2d 94, 104 (D.D.C. 2004) (finding a clause providing that "[t]he parties agree that punitive damages may not be awarded in an arbitration proceeding required by this Agreement" to be "plainly unenforceable"); *Derrickson v. Circuit City Stores, Inc.*, Civil Action No. DKC 95-3296, 1999 U.S. Dist. Lexis 211000, at *14–15 (D. Md. Mar. 19, 1999) (finding an arbitration provision unenforceable that limited available remedies for employment discrimination claim to one year of back pay and a capped amount of punitive damages). The Court therefore finds that the 2002 Agreement permits Cameron to vindicate her statutory rights and is enforceable.

II.     Power to Revoke

Cameron also argues that the 2002 Agreement's arbitration provision is unenforceable because (1) the 1997 Agreement had no mutuality of obligation and (2) NRM retained the right to unilaterally revoke or revise the arbitration provision in the 2002 Agreement.

The Court agrees that the 1997 Agreement would be unenforceable for lack of mutuality of obligation since it provided that only claims relating to actions of the company were to be submitted to arbitration. However, the 1997 Agreement is not applicable to Cameron's claims, which arose at the time of her termination in 2005, when the operative employment agreement was the 2002 Agreement.

---

[1] *See* AAA Employment Dispute Resolution Rule 1 ("The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association . . . under its Employment Dispute Resolution Rules.").

With regard to the 2002 Agreement, the Court finds that NRM did not reserve the right to unilaterally revoke or amend its terms. Cameron directs the Court's attention to such language in the Employee Handbook, which is attached to Defendant's Brief as Exhibit C. However, Cameron omits the critical language preceding the cited language, which provides that the "handbook is not an employment contract but merely contains statements of general Company practices and policies" and that the employee agrees that "the handbook is not and is not intended to be a contract of employment." *See* App. 13, 34. The operative agreement is therefore not the Employee Handbook, but rather the 2002 Agreement itself. Nowhere in the 2002 Agreement does NRM reserve its right to unilaterally revoke or amend the terms of the employment agreement. Therefore, there is no ambiguity in the terms of the 2002 Agreement, and Cameron's citations to *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223 (Tex. 2003) and *In re C & H News Company*, 133 S.W.3d 642 (Tex. App.—Corpus Christi 2003, no pet.), are unavailing. In *J.M. Davidson*, the Texas Supreme Court found ambiguity in an arbitration agreement that included a provision allowing the employer "to unilaterally abolish or modify any personnel policy without prior notice" since it was not clear whether the arbitration policy was a "personnel policy." 128 S.W.3d at 226. The arbitration agreement considered in *In re C & H News Company* incorporated by reference an arbitration provision in the employee handbook. No such provision exists here. The 2002 Agreement is therefore enforceable, and Cameron's claims are subject to arbitration under its terms.

III.     Stay or Dismissal

Since the Court finds that the arbitration provision in the 2002 Agreement applies to Cameron's claims, the Court must either stay or dismiss Cameron's claims pending arbitration. *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999) ("If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."). The Fifth Circuit has suggested that dismissal of claims is preferable to stay, in cases where "retaining jurisdiction and staying the action will serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Since Cameron's claims are subject to the parties' arbitration agreement, the Court finds that no valid purpose would be served by retaining jurisdiction over this matter. The Court thus exercises its discretion to dismiss the case.

Conclusion

The Court finds that NRM's Motion should be **GRANTED**. The parties are hereby **ORDERED** to arbitrate Plaintiff's claims, pursuant to the terms of the 2002 Agreement. It is further ordered that Plaintiff's claims against Defendant are **DISMISSED**, with prejudice to their being reasserted except in arbitration and in actions upon the arbitration award, with costs to be borne by the party incurring same. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**DATED:** February 23, 2007.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS